# United States Court of Appeals for the Fifth Circuit

---

No. 22-50852
consolidated with
No. 22-50865
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2023

Lyle W. Cayce
Clerk

United States of America,

        *Plaintiff—Appellee*,

*versus*

Rudy Alexander Ventura-Recinos,

        *Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-126-1,
4:22-CR-175-1

---

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Rudy Alexander Ventura-Recinos appeals his guilty plea conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(1). He also appeals the district court's order revoking the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the revocation or the revocation sentence, he abandons any challenge to that order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Ventura-Recinos challenges the district court's application of the enhanced penalty range in § 1326(b) as unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. He raises the issue to preserve it for further review and has filed an unopposed motion for summary disposition, correctly conceding that it is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Ventura-Recinos's motion is GRANTED, and the district court's judgments are AFFIRMED.